IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY FORREST, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 1:2005cv572-T |
| WAFFLE HOUSE, INC., AND GARY | ) |
| BRACKIN, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE, OR,
ALTERNATIVELY TO STAY, AND TO COMPEL ARBITRATION**

COME NOW defendants in the above-styled action, Waffle House, Inc. ("Waffle House") and Gary Brackin ("Brackin") (collectively "defendants"), and move this court to dismiss this action without prejudice and compel arbitration, pursuant to the attached arbitration policy, the Federal Arbitration Act, 9 U.S.C. § 3 (hereinafter "FAA"), and Fed. R. Civ. P. Rules 12(b)(1) and (6), and in support thereof, say as follows:

1.    This suit is due to be dismissed without prejudice, and arbitration compelled, because the plaintiff has filed suit against defendants despite the fact that the plaintiff has executed a valid and enforceable arbitration agreement with defendant Waffle House which makes arbitration plaintiff's sole and exclusive forum for her claims arising out of her employment with Waffle House.  *See* Affidavit of Marta Aguirre, attached as "Attachment 1."

2.    On March 31, 2002, plaintiff[1] signed an Arbitration Agreement with defendant

_____

[1] At the time plaintiff signed the agreement her name was Amy Holt.  It has since changed to Amy Forrest.  *See* Aguirre aff., ¶ 5.

Waffle House which clearly states that "Except as otherwise provided in this Agreement, both Waffle House and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action . . . in any way related to any claim covered by the agreement."

      a.      A copy of the Arbitration Agreement, signed by plaintiff, is attached as "Exhibit A" to Marta Aguirre's affidavit.

      b.      The Arbitration Agreement provides in all capital letters:

"I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO IT VOLUNTARILY. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP MY RIGHT TO A JURY TRIAL."

      c.      The Arbitration Agreement further provides that:

I hereby agree . . . That Waffle House and I will resolve by arbitration all claims and controversies ("claims"), past, present, or future, whether or not arising out of my employment or termination from employment, that I may have against Waffle House or against its officers, directors, employees, or agents in their capacity as such or otherwise, or that Waffle House may have against me. The claims that are arbitrable . . . .

include, but are not limited to . . . claims for discrimination or harassment . . . whether under Title VII of the Civil Rights Act of 1964 . . . or any other federal, state, or local statutes . . . claims for violation of any federal, state or other governmental law, statute, regulation or ordinance, except claims excluded elsewhere in this Agreement.

3.      Plaintiff filed in this Court on June 15, 2005 the attached complaint (Attachment 2) initiating the instant action.

4.      All of plaintiff's claims clearly fall within plaintiff's Arbitration Agreement.

      a.      Claims subject to an arbitration agreement must be decided taking into consideration the FAA's "liberal policy favoring arbitration agreements."[2]

---

[2] *See Kelly v. UHC Management Co.*, 967 F.Supp. 1240, 1250 (N.D. Ala. 1997) (quoting *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

b.     [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

c.     Plaintiff's Complaint raises only claims "arising out of my employment or termination from employment" within the meaning of the Arbitration Agreement; she raises claims of sex harassment during employment with Waffle House in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, as well as state law assault and battery, outrage and invasion of privacy claims based on the same.

d.     All of these claims are claims that are subject to arbitration under agreements like the Arbitration Agreement.[3]

e.     Plaintiff's claims against defendants do not fall within the Arbitration Agreement's express exclusions. *See* Arbitration Agreement, ¶ 2 & *supra* ¶ 5.c.

f.     The Arbitration Agreement, agreed to by plaintiff, is a "written contract evidencing a transaction involving commerce" within the meaning of Section 2 of the Federal Arbitration Act. *See* 9 U.S.C. § 2; *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003).

5.     As plaintiff has entered into a valid, enforceable written agreement to arbitrate her employment claims,[4] and as all claims fall within this agreement,[5] this Court should grant defendants' motion to dismiss without prejudice and compel arbitration.

---

[3] *Circuit City Stores v. Adams*, 532 U.S. 105 (2001)(compelling arbitration of discrimination claims); *Ameriquest Mortgage Co. v. Bentley*, 851 So.2d 458, 462, 464-65 (Ala. 2002) (compelling arbitration of plaintiff's tort and contract claims because of her signed arbitration agreement).

[4] *See Circuit City v. Adams*, 532 U.S. 105 (2001).

[5] *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that retaining jurisdiction and staying an action "serves no purpose" when all issues are arbitrable); *Goff Group, Inc. v. Greenwich Ins. Co.*, 231 F.Supp.2d 1147, 1155 (M.D. Ala. 2002) (Thompson, J.) (closing file of case brought despite binding arbitration agreement); *Landers v. Crown Pontiac, Inc.*, 2001 WL 1867812, *3 (N.D. Ala. May 31, 2002) (Clemon, J.) (converting

6.     Alternatively, Waffle House respectfully requests that this Court stay all proceedings hereunder and compel arbitration.[6]

WHEREFORE PREMISES CONSIDERED, defendants respectfully move this Court to dismiss this action without prejudice, and to compel plaintiff to comply with defendants' mandatory and binding Arbitration Agreement, attached as "Exhibit A" to Marta Aguirre's affidavit.

_____/s/ Ronald W. Flowers, Jr._____
John J. Coleman, III (COL044)
Ronald W. Flowers, Jr. (FLO031)
Attorneys for Defendants

OF COUNSEL:

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

---

motion to stay and compel arbitration to motion to dismiss without prejudice and granting motion).

[6] *See Musnick v. King Motor Co. of Ft. Lauderdale*, 325 F.3d 1255, 1259-62 (11th Cir. 2003).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to his office address through first-class, United States mail, postage prepaid, on this the 18th day of July, 2005:

D. Lewis Terry, Jr.
Jackson, Rhodes, Sherrer & Terry, P.C.
P.O. Box 7122
Dothan, AL 36302-7122

_____/s/ Ronald W. Flowers, Jr._____
OF COUNSEL