## AFFIDAVIT OF MARTA AGUIRRE

1. My name is Marta Aguirre. I am over the age of twenty-one and I have personal knowledge of the facts in this affidavit, which I give voluntarily and without coercion.

2. I am employed by Waffle House, Inc. as an administrative assistant in the Operations Control Department. I have been employed in this position since August 2000.

3. Attached as "Exhibit A" is a true and accurate copy of Amy Michele Holt's Arbitration Agreement, which she signed on March 31, 2002, agreeing to the provisions laid out in the agreement. I maintain under my custody and control in the normal course of business all of the arbitration agreements of Waffle House employees, including Ms. Holt's agreement.

4. In order to continue their employment with Waffle House, employees must execute an Arbitration Agreement agreeing to resolve by arbitration all claims against Waffle House or its officers, directors, employees, or agents, except those that are expressly excluded by the Arbitration Agreement.

5. Amy Michele Holt changed her name to Amy Forrest at some point after signing her Arbitration Agreement.

6. I declare that the foregoing is true and correct under penalty of perjury.

_____     7·15·05
MARTA AGUIRRE                        DATE

**STATE OF GEORGIA**     )
**COUNTY OF GWINNETT**   )

Before me the undersigned Notary Public for said county and state did appear, Marta Aguirre, who is known to me, and who did swear and affirm that the foregoing is true and complete under a penalty of perjury.

_____
NOTARY PUBLIC

[Notary Seal: MARLO COOKSEY, NOTARY PUBLIC, EXPIRES MAR. 20, 2009, GEORGIA, GWINNETT COUNTY]

1376427



# ARBITRATION AGREEMENT

**AMERICA'S PLACE TO WORK**
**AMERICA'S PLACE TO EAT®**

*#157 907*

Employee Name   **Holt**   **Amy**   **Michele**
(Please Print)    Last          First           Middle

Social Security #   **419 25 6691**

In consideration of the mutual promises to arbitrate claims as provided below, and my employment with Waffle House, participation in any stock ownership plans, or award of any stock options, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and with the intent to be legally bound, Waffle House (as defined below) and I hereby agree:

1. **"Waffle House" defined.** That any reference to Waffle House will be a reference to Waffle House, Inc. and all of its subsidiaries and affiliates, all of its benefit plans, the benefit plans' sponsors, fiduciaries, administrators and the affiliates, successors and assigns of any of them.

2. **Claims covered by this Agreement.** That Waffle House and I will resolve by arbitration all claims and controversies ("claims"), past, present, or future, whether or not arising out of my employment or termination from employment, that I may have against Waffle House or against its officers, directors, employees or agents in their capacity as such or otherwise, or that Waffle House may have against me. The claims that are arbitrable:

- are those that, in the absence of this Agreement, would have been heard in a court of competent jurisdiction under applicable state or federal law; and

- are not claims for workers' compensation or unemployment compensation benefits; and

- include, but are not limited to claims for wages or other compensation due; claims for breach of any contract or covenant whether express or implied; tort claims; claims for discrimination or harassment, including but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, or medical condition, handicap or disability; whether under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, as amended, the Age Discrimination in Employment Act of 1967, as amended, or any other federal, state or local statutes; claims for retaliation arising from or concerned with such laws or statute, claims arising from or concerned with various stock ownership plans, stock option plans, or stock option bonus plans offered by Waffle House; claims for benefits, except claims under an employee benefit plan that either specifies that its claims procedure shall culminate in an arbitration procedure different than this one or is underwritten by a commercial insurance carrier which decides claims; claims for violation of any federal, state or other governmental law, statute, regulation or ordinance, except claims excluded elsewhere in this Agreement.

Except as otherwise provided in this Agreement, both Waffle House and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination to the EEOC or a similar fair employment practices agency) in any way related to any claim covered by this Agreement.

**EXHIBIT A**

White Copy: Personnel File                                                                                         Yellow Copy: Employee
© Waffle House, Inc. 2000                                                                                                              9/30/00

3. **Required Notice of Claims.** The aggrieved party must give written notice of any claim to the other party no later than the applicable statute of limitations as may be prescribed by law. Written notice to Waffle House, or its officers, directors, employees or agents, shall be sent to its General Counsel, 5986 Financial Drive, Norcross, GA 30071. I will be given notice at the address to which my most recent W-2 statement of earnings was sent. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. The notice shall be sent to the other party by certified or registered mail, return receipt requested.

4. **Representation.** Any party may be represented, at its own expense, by an attorney selected by the party.

5. **Designation of Witnesses.** At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any expert expected to be called at the arbitration, and copies of all exhibits intended to be used at the arbitration.

6. **Subpoenas.** Each party shall have the right to subpoena witnesses and documents for the arbitration.

7. **Arbitration Procedures.** The arbitration will be held under the auspices of the American Arbitration Association ("AAA"). Except as provided in this Agreement, the arbitration shall be in accordance with the AAA's then-current employment arbitration procedures. The arbitrator shall be either a retired judge or an attorney licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"). The arbitration shall take place in or near the city in which I am or was last employed by Waffle House.

I understand that a copy of the AAA National Rules for the Resolution of Employment Disputes is available for me to review from the Waffle House Legal Department. I further understand that I may contact the AAA to request a copy of these rules at 335 Madison Avenue, 10th Floor, New York, New York, 10017-4605, telephone number (800) 778-7879, facsimile number (212) 716-5907.

The Arbitrator shall be selected from a list of eleven arbitrators drawn by the AAA from its panel of employment dispute arbitrators. The parties shall strike names alternatively from the list until only one name remains. The party who did not initiate the claim shall strike first. The person whose name remains shall be designated the Arbitrator.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claims asserted. The Arbitrator is without jurisdiction to apply any different substantive law, or law of remedies. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

The Arbitrator shall have the power to award any types of legal or equitable relief available in a court of competent jurisdiction, including, but not limited to, attorney's fees and costs, to the extent such relief is available under law. Any arbitral award may be entered as a judgement or order in any court of competent jurisdiction. I agree that any relief or recovery to which I am entitled from any claims arising out of my employment, cessation of employment, or any claim of unlawful discrimination or retaliation shall be limited to that awarded by the Arbitrator.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of the proceedings.

Either party shall, upon request, be given leave to file a post-hearing brief within a time set by the Arbitrator. The Arbitrator shall render an award and opinion in the form typically rendered in labor arbitrations.

Either party shall have the right, within 20 days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have 20 days from the date of the motion to respond. The Arbitrator shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by the Agreement) shall be final and conclusive upon the parties.

8. **Arbitration Fees and Costs.** Waffle House shall bear the filing fees, administrative costs, and fees and costs of the Arbitrator. Each party shall pay attorney's fees, or if there is a written agreement providing for attorney's fees, the Arbitrator may award reasonable fees to the prevailing party.

9. **Judicial Review.** The decision or award of the Arbitrator shall be final and binding upon the parties. Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review shall be the same as that applied by an appellate court reviewing a decision of a trial court without a jury.

10. **General.** This is the complete agreement of the parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any benefit plan. Except as provided in paragraph 12 below, this Agreement can only be revoked or modified by a writing signed by the parties which specifically states an intent to revoke or modify this Agreement. This Agreement shall survive termination of my employment or expiration of any benefit plan. If any provision is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.

This Agreement shall be governed by and shall be interpreted in accordance with the laws of the state of the office or restaurant in which I am or was last employed by Waffle House.

11. **Not an Employment Agreement.** This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of my employment.

12. **Employee's Right to Revoke.** I understand I would not be or remain employed by Waffle House unless I sign this Agreement. I have been advised of my right to consult with counsel regarding the Agreement. My agreement to accept arbitration can be revoked at any time within 7 days of my signing this Agreement, but such revocation must be submitted in writing and will result in my immediate termination and/or denial of consideration for employment. I have had at least 21 days to consider this Agreement and have decided to sign knowingly, voluntarily, and free from duress or coercion.

If this Agreement is not properly revoked by me within the 7 day time period above, I understand that this Agreement will remain valid and enforceable unless Waffle House and I execute a subsequent arbitration agreement, which upon becoming valid and enforceable, shall take precedence over and supercede this Agreement.

**Acknowlegement and Signature Lines on Following Page**

© Waffle House, Inc. 2000

9/30/00

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO IT VOLUNTARILY. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP MY RIGHT TO A JURY TRIAL.

☛ **EMPLOYEE INITIALS:** AH

**DATE OF AGREEMENT** 3-31-02

**EMPLOYEE**
Signature: *Amy Holt*

**WAFFLE HOUSE**
By: *Stacy Haner*
Title: *District Manager*

Prepared by Waffle House, Inc. for Corporate Office and company-owned stores only. Franchisee assumes responsibility for use of this form. Franchisee should consult counsel for compliance with state law before using.

White Copy: Personnel File
© Waffle House, Inc. 2000

Yellow Copy: Employee
9/30/00