IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY FORREST, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO.: |
| ) | 1:2005cv572-T |
| WAFFLE HOUSE, INC., AND ) | |
| GARY BRACKIN, ) | |
| ) | |
| DEFENDANTS. ) | |

### AMY HOLT FORREST'S
### AFFIDAVIT IN OPPOSITION TO DEFENDANTS'
### MOTION TO DISMISS WITHOUT PREJUDICE, OR,
### ALTERNATIVELY TO STAY, AND TO COMPEL ARBITRATION

HOUSTON COUNTY    )
STATE OF ALABAMA  )

COMES NOW the Defendant, Amy Holt Forrest, and submits her affidavit in opposition to Defendants' Motion to Dismiss Without Prejudice, or, Alternatively to Stay, and to Compel Arbitration:

1. My name is Amy Forrest. I am over the age of twenty-one (21) years and I have personal knowledge of the following facts. I was formerly named Amy Holt.

2. I was employed by Waffle House, Inc. in 1992. During my employment at Waffle House, Inc., I became a restaurant manager and then district manager over three (3) restaurants. While working at Waffle House, Inc., I was constantly subjected to sexual harassment by, Mr. Gary Brackin, my division manager.

3. Sometime before March 31, 2002, I was told by Mr. Stacey Harrison, my district manager, that I had to sign an arbitration agreement in order to remain employed by Waffle House. I did not want to sign the arbitration agreement since I had been

subjected to sexual harassment from Mr. Gary Brackin prior to March 31, 2002 (with the sexual harassment from Mr. Brackin continuing after March 31, 2002). I, along with Mr. Harrison, initially refused to sign the agreement for about one week. Mr. Brackin then told me that I had to sign the arbitration agreement if I wanted to keep my job.

4. I unwillingly signed the Waffle House arbitration agreement on March 31, 2002 since I did not want to lose my job at Waffle House, Inc. At the time I signed the March 31, 2002 arbitration agreement, I was married and I had a seven (7) year old son to raise. At that time, I was the sole provider in our household. My husband, who I divorced later that year, had sporadic jobs and he was unable to provide for the needs of our family. I needed the Waffle House job in order to live and to pay our family's monthly living expenses. At the time I signed the arbitration agreement, I felt that I did not have any choice but to sign the agreement in order to keep my job.

This the 29th day of July, 2005.

*Amy Forrest*
Amy Forrest

HOUSTON COUNTY    )
STATE OF ALABAMA    )

Before me, the undersigned, a Notary Public in and for said County and said State, this date personally appeared **Amy Forrest**, who is known to me, and who being first duly sworn, deposes and says that the matters and things alleged in the foregoing affidavit are true as therein averred.

Sworn to and subscribed before me on this the 29th day of July, 2005.

*Lisa M. Gauthier*
NOTARY PUBLIC
My Commission expires: 3/12/08

/s/ D. Lewis Terry, Jr.
D. Lewis Terry, Jr. (TER010)
Attorney for the Plaintiff,
Amy Forrest

OF COUNSEL:
JACKSON, RHODES, SHERRER & TERRY, P.C.
P. O. Box 7122
Dothan, Alabama 36302-7122
(334) 792-6213
FAX (334) 677-1042
E-mail – lterry@rhodes-law.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this date sent a copy of the above and foregoing document to John J. Coleman, III, Esquire, Ronald W. Flowers, Jr., Esq., BURR & FORMAN, 3100 SouthTrust Tower, 420 North 20th Street, Birmingham, Alabama 35203, by ECF the 9th day of August, 2005.

/s/ D. Lewis Terry, Jr.
OF COUNSEL