IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY FORREST, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO.: |
| ) | 1:2005cv572-T |
| WAFFLE HOUSE, INC., AND ) | |
| GARY BRACKIN, ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF, AMY FORREST'S, RESPONSE TO
DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE, OR,
ALTERNATIVELY TO STAY, AND COMPEL ARBITRATION**

COMES NOW the Plaintiff in the above-styled cause, by and through her undersigned counsel, and in response to the Defendants' Motion to Dismiss Without Prejudice, or, Alternatively to Stay, and Compel Arbitration, says as follows:

**Undisputed Facts**

It is undisputed that the plaintiff, Amy Holt Forrest (hereinafter referred to as "Amy Forrest"), was an employee of the defendant, Waffle House, Inc. (hereinafter referred to as "Waffle House") on March 31, 2002. Waffle House required, as a condition of Amy Forrest's continued employment at Waffle House, that she sign the Waffle House Arbitration Agreement (hereinafter referred to as "arbitration agreement"). After initially refusing to sign the arbitration agreement, Amy Forrest finally submitted to Waffle House's demands and signed the arbitration agreement on March 31, 2002 in order to keep her job there.

It is also undisputed that should the March 31, 2002 arbitration agreement be held by this Honorable Court to be valid and binding on the parties that it would apply to Amy Forrest's claims of her complaint in this case.

### **Plaintiff, Amy Holt Forrest's, Factual Contentions**

Amy Forrest, and the defendant, Gary Brackin, were both employees of Waffle House on March 31, 2002. Amy Forrest contends that she was constantly subjected to sexual harassment by Gary Brackin, her Division Manager, prior to March 31, 2002 with that harassment continuing after March 31, 2002 [Paragraphs 2. and 3. of Forrest affidavit].

On March 31, 2002, Amy Forrest was employed as a District Manager over three Waffle House restaurants located in Dothan, Alabama [Paragraph 2. of Forrest affidavit]. At that time, Amy Forrest's immediate supervisor was Stacey Harrison, a District Manager. Gary Brackin, a Division Manager for Waffle House, supervised Stacey Harrison and Amy Forrest [Paragraphs 2. and 3. of Forrest affidavit].

Amy Forrest unwillingly signed the March 31, 2002 arbitration agreement since she did not want to lose her job at Waffle House [Paragraph 4. of Forrest affidavit]. On March 31, 2002, Amy Forrest was the sole provider for herself and her seven (7) year old son. Although married at that time, her marriage was "on the rocks" since her husband could not provide for the financial needs of the family (he had sporadic jobs during that time period) which ultimately resulted in their divorce later that year [Paragraph 4. of Forrest affidavit].

Based upon her need to provide for her family, Amy Forrest felt that she did not have any choice but to sign the arbitration agreement in order to keep her job. Therefore, she unwillingly signed the arbitration agreement [Paragraph 4. of Forrest affidavit].

### March 31, 2002 Waffle House Arbitration Agreement

The March 31, 2002 arbitration agreement was drafted by Waffle House and it submitted that agreement to all of its employees as a condition of their continued employment [Paragraph 4. of Aguirre affidavit attached as Exhibit 1 to defendants' motion; and paragraphs 3. and 4. of Forrest affidavit].

The Waffle House Arbitration Agreement covered all potential legal claims that its employees could possibly have against it in a court of law, including all past, present and future claims that the employees may have had at the time that they signed that agreement. The only exceptions (claims that would not be covered by the arbitration agreement) were the employees worker's compensation claims, unemployment claims and EEOC charges. See Paragraph 2. of Exhibit 1 to defendants' motion.

The arbitration agreement also had the arbitrator retain the authority to resolve any and all legal claims regarding the validity of the arbitration agreement itself. See Paragraph 7. of Exhibit 1 to defendants' motion.

### Legal Argument

### Federal Arbitration Act (FAA)

Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. Section 2. "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate

arbitration agreements without contravening Section 2." Doctor's Associates, Inc. v. Casorotto, 517 U.S. 681, 687, 16 S.Ct. 1652, 1656 (1996). Because Alabama law allows such contract defenses to invalidate contracts generally, those defenses may also invalidate the arbitration agreement in this case if Amy Forrest proves any of those defenses by substantial evidence.

## Contract Defense of Unconscionability

The Alabama Supreme Court has set forth a two-part test to be applied in determining unconscionability of a contract: (1) Terms that are grossly favorable to a party that has (2) overwhelming bargaining power. American General Finance, Inc. v. Branch, 793 So.2d 738, 748 (Ala. 2000). An example of the Alabama Supreme Court's legal analysis of applying the unconscionability defense to contracts is Anderson v. Ashby, 873 So.2d 168 (Ala. 2003). The following is a brief synopsis of the legal reasoning in that case.

The first prong of Branch is grossly favorable terms. The grossly favorable terms to Waffle House in the arbitration agreement are: (1) the breadth of the arbitration agreement, which extends to every cause of action that might conceivably arise in favor of Amy Forrest and that applies to every individual or entity against whom Amy Forrest may bring a claim with the only exceptions being worker's compensation, unemployment and EEOC charge claims; and (2) the provision in the arbitration agreement purporting to invest the arbitrator with the threshold issue of arbitrability.

The second prong of Branch is overwhelming bargaining power. In this case, Waffle House had overwhelming and unequal bargaining power which it used to threaten Amy Forrest's job if she failed to sign the arbitration agreement. See also Lloyd v. Service Corp., 453 So.2d 735 (Ala. 1984) in which was held that the unequal bargaining power of the parties gives rise to an unconscionable contract; and Taylor v. Leedy & Co., Inc., 412 So.2d 763, 765-66 (Ala. 1982) which held that the factors bearing on the issue of whether a contract should not be enforced because unconscionable include the bargaining power of the parties (bargaining disadvantage), the availability of meaningful choices, and whether the provisions unreasonably favor one party (oppressive, one-sided or patently unfair terms in the contract).

Based on the foregoing Alabama law and the facts of this case, the Waffle House arbitration agreement was unconscionable and it should be held invalid by this Court.

### Contract Defense of Economic Duress

Alabama law also provides the defense of economic duress to invalidate a contract. Alabama Pattern Jury Instruction 10.40 Defense of Economic Duress states:

"Amy Forrest contends that the contract is invalid and not binding upon her for the reason that economic duress was exerted upon her to enter into the purported contract. Economic duress consists of (1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats; and (3) the absence of any reasonable alternative to the terms presented by the wrongdoer.

If you are reasonably satisfied from the evidence that Waffle House, Inc. did exert economic duress as defined upon Amy Forrest, and as a result of such economic duress the contract in question was entered into, then you will find the contract invalid." [Insertions of parties of this case added for clarification].

In this case, Amy Forrest's affidavit shows that she was subjected to economic duress as defined above since her job was threatened by Waffle House, she was subjected to financial distress as a result of the threat of losing her job if she failed to sign the arbitration agreement and she did not have any reasonable alternative to the terms presented by Waffle House [Paragraph 4. of Forrest affidavit].

Economic duress is defined further in Clark v. Liberty Nat'l Life Ins. Co., 592 So.2d 564, 567 (Ala.1992):

"The doctrine of economic duress applies only to 'special, unusual, or extraordinary situations in which unjustified coercion is used to induce a contract, as where extortive measures are employed, or improper or unjustified demands are made, under such circumstances that the victim has little choice but to accede thereto.' International Paper Co. v. Whilden, 469 So.2d 560, 563 (Ala. 1985).

'The entering into a contract with reluctance or even dissatisfaction with its terms because of economic necessity does not, of itself, constitute economic duress invalidating the contract. Unless unlawful or unconscionable pressure is applied by the other party to induce the entering into a contract, there is not economic compulsion amounting to duress.'" International Paper, 469 So.2d at 563 (quoting Chouinard v. Chouinard, 568 F.2d 430 (5th Cir.1978))." 592 So.2d at 567. A claim of economic duress cannot be based

merely upon the claim that one has been the victim of another's hard bargain. Rather, the "wrongful act" prong of the test for economic duress is not satisfied unless the victim has acted in response to unlawful or unconscionable pressure. International Paper, 469 So.2d at 563. In this case, Waffle House subjected Amy Forrest to unconscionable pressure to sign the arbitration agreement by threatening her job if she failed to sign it.

**Conclusion**

Wherefore, based on the foregoing facts and the law, Amy Forrest respectfully requests that this Honorable Court deny Waffle House's Motion To Dismiss Without Prejuduice, or, Alternatively to Stay, and Compel Arbitration; to invalidate the Waffle House Arbitration Agreement and for any and other relief that this Court deems appropriate.

This the 9th day of August, 2005.

/s/ D. Lewis Terry, Jr.
D. Lewis Terry, Jr. (TER010)
Attorney for the Plaintiff,
Amy Forrest

OF COUNSEL:
JACKSON, RHODES, SHERRER & TERRY, P.C.
P. O. Box 7122
Dothan, Alabama 36302-7122
(334) 792-6213
FAX (334 677-1042

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this date served the above and foregoing document to John J. Coleman, III, Esq., Ronald W. Flowers, Esq., BURR & FORMAN, 3100 SouthTrust Tower, 420 North 20th Street, Birmingham, Alabama 35203 by ECF (electronic case filing system) this the 9th day of August, 2004.

/s/ D. Lewis Terry, Jr.
OF COUNSEL