IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:05-cv-572-T |
| | ) | (WO) |
| WAFFLE HOUSE, INC., *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

Plaintiff Amy Forrest ("Forrest") filed this action alleging that she was subjected to a sexually hostile work environment by her supervisor.  She brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, against defendants Waffle House, Incorporated ("Waffle House") and Gary Brackin ("Brackin"). She also asserts state law claims of assault and battery, the tort of outrage and invasion of privacy. She seeks compensatory and punitive damages, injunctive relief, and attorney fees. The court has jurisdiction of the federal claim pursuant to the jurisdictional grant in 42 U.S.C. § 2000e-5, and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367.     This action is now pending before the court on the defendants' motion to dismiss or, in the alternative, motion to stay and compel arbitration (doc. # 7).  The plaintiff opposes the motion to arbitrate arguing that the arbitration agreement is unconscionable and entered into under economic duress.  Consequently, she asserts that she should not be bound by the invalid agreement. After careful review of the motion, the briefs filed in support of

and in opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the motion to dismiss should be denied but the motion to stay and compel arbitration should be granted.

## II. Facts

The facts are undisputed.  On March 31, 2002, Forrest was employed as a district manager for three Waffle House restaurants in Dothan, Alabama.  Prior to March 31, 2002, Forrest was informed by her district manager Stacey Harrison that she had to sign an arbitration agreement to remain employed with Waffle House.  Forrest is the sole provider for herself and her seven year old son.  Although she did not want to sign the agreement, Forrest eventually signed the agreement on March 31, 2002.[1]

The arbitration agreement provides, in pertinent part, as follows:

2.  **Claims covered by this Agreement**.  That Waffle House and I will resolve by arbitration all claims and controversies ("claims"), past, present, or further, whether or not arising out of my employment or termination from employment, that I may have against Waffle House or against its officers, directors, employees or agents in their capacity as such or otherwise, or that Waffle House may have against me.  The claims that are arbitrable:

   •   are those that, in the absence of this Agreement, would have been heard in a court of competent jurisdiction under applicable state or federal law; and
   •   are not claims for workers' compensation or unemployment compensation benefits; and
   •   include, but are not limited to claims for wages or other compensation due; claims for breach of any contact or covenant whether express or implied; tort claims; claims for

---

[1] Forrest refused to sign the agreement for "about one week."  Thereafter, she was informed that she had to sign the agreement to keep her job.

2

>   discrimination or harassment, including but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, or medical condition, handicap or disability; whether under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, as amended, the Age Discrimination in Employment Act of 1967, as amended, or any other federal, state or local statutes; . . .

(Arbitrat on Agreement at 1).

The plaintiff filed this lawsuit on June 15, 2005, alleging that she was sexually harassed by her supervisor Gary Brackin.[2]

### III.  Standard of Review

Pursuant to the Federal Arbitration Act ("FFA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FFA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" may petition the court "for an order directing that such arbitration proceed." 9 U.S.C. § 4. After hearing the parties,[3] if the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court shall direct the parties "to proceed to arbitration in accordance with the terms of the agreement." *Id.*

### IV.  Discussion

---

[2] As previously noted, the plaintiff also brought several state law claims against the defendants.

[3] The parties have thoroughly briefed the issue of arbitration and submitted evidentiary materials in support of their respective positions.

### A. Defense of Unconscionability

The defendants ask the court to order arbitration pursuant to the FAA, 9 U.S.C. § 1 *et seq.*, on the basis that a valid agreement to arbitrate exists between the parties.[4] In *Allied-Bruce Terminix Cos., Inc. v. Dobson*, the United States Supreme Court reversed the Alabama Supreme Court's refusal to enforce an arbitration provision. 513 U.S. 265 (1995). The Court reiterated that the FAA "seeks broadly to overcome judicial hostility to arbitration agreements and that [it] applies in both federal and state court." *Id.* at 272. *See also, Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89 (2000) ("In considering whether respondent's agreement to arbitrate is unenforceable, we are mindful of the FAA's purpose 'to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements on the same footing as other contracts.'"). The court is cognizant of the Supreme Court's instructions that, under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Furthermore, "as with any contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985). Federal policy liberally favors

---

[4] The parties do not dispute that the arbitration agreement is a written contract involving a transaction affecting interstate commerce sufficient to invoke the provisions of the FAA. Moreover, the court concludes that under the authority of *Allied-Bruce Terminix Cos. v. Dobson,* 513 U.S. 265 (1995), the dispute between the parties in the instant action involves or affects interstate commerce. Waffle House is a Georgia corporation that does business in Alabama.

arbitration agreements.  *Greentree*, 531 U.S. at 91.

The plaintiff does not dispute that, "should the March 31, 2002 arbitration agreement be held . . . to be valid and binding on the parties that it would apply" to all of her claims. (Pl's Res. at 2).  However, Forrest argues that the contract defenses of unconscionability and economic duress apply to invalidate the agreement.  The court applies general principles of state contract law to determine whether Forrest's affirmative defenses should nullify the arbitration agreement.  *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687-88 (1996); *Allied-Bruce*, 513 U.S. at 281.

Forrest has the burden of proof of establishing the defense of unconscionability. *Anderson v. Ashby*, 873 So.2d 168, 174 (Ala. 2003).  Under Alabama law, "[t]he applicable standards for determining unconscionability are set forth in *American General Finance,* [*Inc. v. Branch*], 793 So. 2d [738] at 748 [Ala. 2000] – whether there are (1) terms that are grossly favorable to a party that has (2) overwhelming bargaining power."  *Gayfer Montgomery Fair Co. v. Austin*, 870 So. 2d 683, 68-89(Ala. 2003) *quoting Leonard v. Terminix Int'l Co.*, 854 So. 2d 529, 538 (Ala. 2002).

Forrest argues that the arbitration agreement at issue is unconscionable because it contains two terms grossly favorable to Waffle House: (1) the breadth of the agreement and (2) the investment in the arbitrator of the authority to determine arbitrability.  These terms, however, are not grossly favorable to Waffle House within the meaning of Alabama law. First, the breadth of the agreement applies equally to Forrest and Waffle House.  Waffle House is bound to arbitrate all claims and controversies it may have against Forrest in the

same manner in which Forrest is obligated to arbitrate her claims. Next, both parties waived their right to pursue litigation in a judicial forum of any claim covered under the agreement. This is not a situation in which the defendants retained their right to a judicial forum while requiring the plaintiff to arbitrate. *Compare Anderson*, 873 So. 2d at 175.

While it is true that *Branch, supra*, mentions that the provision investing authority in the arbitrator to determine the scope of his authority may be a factor to consider, neither the Alabama courts nor the plaintiff explain why this factor would render an agreement "grossly favorable" to Waffle House. *See Branch*, 793 So. 2d at 748 ("such authority of the arbitrator to determine its own authority *may* itself be an indicium of unconscionability.") (emphasis added). Consequently, this factor, standing alone, is insufficient to render the arbitration agreement unconscionable.

A review of the agreement clearly demonstrates that the terms are not grossly favorable to Waffle House. Both parties are entitled to representation at their expense by counsel of their choice. Both parties retain subpoena power. The Arbitrator has "the power to award any types of legal or equitable relief available in a court of competent jurisdiction, including but not limited to, attorney's fees and costs, to the extent such relief is available under the law." Either party may compel arbitration or enforce an arbitration award in any court of competent jurisdiction. Finally, Waffle House agreed to pay all "filing fees, administrative costs, and fees and costs of the Arbitrator." Forrest has failed to establish that the terms of the agreement are "grossly favorable" to Waffle House.

Furthermore, the court concludes that Forrest has failed to demonstrate that Waffle

House had "overwhelming bargaining power," simply because Waffle House threatened her employment. (Pl's Resp. at 5). The law is well-established in Alabama that requiring an at-will employee to sign an arbitration agreement to maintain her job is not unconscionable, even if termination would result in financial difficulties. *Potts v. Baptist Health Sys., Inc.*, 853 So. 2d 194, 206 (Ala. 2002)

> [T]he possibility of termination flowing from [Plaintiff's] refusal to sign . . . is not, in and of itself, unconscionable. Moreover, although [Plaintiff] argues that her family would suffer financial hardship if she failed to sign . . . and was then fired, Alabama law does not allow a mere showing of financial hardship to invalidate an arbitration agreement.

*Id*. *See also Green Tree Fin. Corp. v. Wampler*, 749 So. 2d 409, 416 (Ala. 1999) ("Because the general principles of Alabama contract law do not excuse performance on the grounds of financial hardship, we cannot allow a party's poverty, standing alone and independent of other considerations justifying a finding of unconscionability, to constitute a defense to enforcement of an arbitration agreement."). The plaintiff has failed to meet her burden of establishing the arbitration agreement is unconscionable.

### B. Defense of Economic Duress

Forrest asserts that because she was forced to sign the arbitration agreement or be terminated, she was subjected to economic duress. The court disagrees.

> Economic duress consists of "(1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats; [and] (3) the absence of any reasonable alternative to the terms presented by the wrongdoer."

*Clark v. Liberty Nat'l Life Ins. Co.*, 592 So. 2d 564, 567 (Ala. 1992) *quoting International Paper Co. v. Whilden*, 469 So. 2d 560, 562 (Ala. 1985). First, Forrest alleges no wrongful

7

acts or threats by Waffle House. Alabama is an employment at-will state. Her employment is terminable at any time for any reason. Consequently, threatening her employment is not, in and of itself, a wrongful act. More importantly, however, as the court has already explained, under Alabama law, requiring an at-will employee to sign an arbitration agreement to remain employed is not unconscionable, even if termination would result in financial hardship. *Potts*, *supra*.

## V. Conclusion

Forrest concedes, as she must, that all of her claims are subject to the arbitration agreement if the court concludes the arbitration agreement is binding and valid. Because the court concludes that the agreement is neither unconscionable nor the result of economic duress, the court concludes that the defendants' motion to compel arbitration pursuant to the FAA should be granted.[5] Accordingly, it is the Recommendation of the Magistrate Judge that the defendants' motion to dismiss be DENIED and the motion to stay and compel arbitration (doc. # 7) be GRANTED and the parties directed to inform the court of the completion of the arbitration proceedings. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 5, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this

---

[5] Because the arbitration agreement specifically allows either party to seek enforcement of the arbitrator's award in any court of competent jurisdiction, the court concludes that dismissal is inappropriate under these circumstances.

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of August, 2005.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE